```
          IN THE UNITED STATES DISTRICT COURT
          FOR THE SOUTHERN DISTRICT OF TEXAS
                  CORPUS CHRISTI DIVISION
```

| | |
|---|---|
| GARY DON WESTBROOK, | § <br> § <br> § |
| Petitioner, | § <br> § |
| vs. | §    C.A. NO. C-07-244 <br> § |
| NATHANIEL QUARTERMAN, | § <br> § |
| Respondent. | § <br> § <br> § |

## **TRANSFER ORDER**

Petitioner Gary Don Westbrook ("Petitioner") is a prisoner in the custody of the Texas Department of Criminal Justice–-Criminal Institutions Division and is currently incarcerated in the McConnell Unit, located in Beeville, Texas. On June 1, 2007, Petitioner filed a petition for writ of habeas corpus with this Court, challenging his conviction and sentence for possession of a controlled substance, entered by the 87th Judicial District Court of Freestone County, Texas. (D.E. 1 at 2.) In his petition, Petitioner alleges that he is entitled to habeas relief for four main reasons: (1) no rational trier of fact could have found beyond a reasonable doubt from the evidence presented at his trial he knowingly or intentionally possessed a controlled substance; (2) the indictment was improperly constructively amended based on the jury charge; (3) the prosecution violated his Fourteenth Amendment rights by knowingly using false or misleading fact; and (4) he was denied his constitutional right to effective assistance of counsel. (See D.E. 1 at 7-9.)

Pursuant to statute, a habeas action may be filed either in the district where the petitioner is in custody, or in the district in which petitioner was convicted. 28 U.S.C. § 2241(d); Wadsworth v. Johnson, 235 F.3d 959, 960-61 (5th Cir. 2000). In particular, § 2241(d) provides that:

> (d) Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application.

28 U.S.C. § 2241(d). However, this section also provides authority for a district court to transfer the application in the interests of justice: "[t]he district court for the district wherein such an application is filed in the exercise of its discretion and in furtherance of justice may transfer the application to the other district court for hearing and determination." Id.

In interpreting § 2241(d), courts have generally held that the most appropriate venue for habeas petitions depends upon the type of challenge raised in the petition. Challenges to the *legality of a conviction* are generally appropriate in the district court for the district in which the state conviction and sentence occurred, whereas challenges to the *implementation of the sentence*, such as prison disciplinary matters, should be considered in the district court for the district where such person is in custody. See Story v. Collins, 920 F.2d 1247, 1250-51 (5th Cir. 1991); Dunne v.

Henman, 875 F.2d 244, 249 (9th Cir. 1989) (distinguishing between cases challenging conviction and sentence and those challenging the manner in which the sentences are carried out); Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 497-98 (1973) (in enacting § 2241(d), "Congress explicitly recognized the substantial advantages of having these cases resolved in the court which originally imposed the confinement or in the court located nearest the site of the underlying controversy").

The reason for this distinction is that the witnesses and records relevant to the legality of the sentence and conviction are more likely to be located in the district in which that sentence and conviction occurred. See, e.g., Story, 920 F.2d at 1250 ("the district court that has jurisdiction over the prisoner frequently is not the most convenient forum in which to entertain the prisoner's habeas petition . . . [because the] necessary records and witnesses often are located near the sentencing court rather than the court with jurisdiction over the prisoner"); Braden, 410 U.S. at 493-98. Therefore, as a general rule, the court for the district where a petitioner was convicted and sentenced is likely to be a more convenient and efficient forum for adjudication of his or her habeas petition than the district in which the petitioner is currently confined. As the Fifth Circuit explained:

> Under 28 U.S.C. § 2241(d), state convicts may file federal habeas corpus petitions in the district either where they are confined or where they were convicted. The purpose of this, of course, is to provide a more convenient forum for witnesses. . . . Section 2241(d) militates in favor of filing the applicant's petition in

> . . . the division where the witnesses are located,
> rather than in . . . the division in which the applicant
> is confined.

Mitchell v. Henderson, 432 F.2d 435, 436 (5th Cir. 1970); see also Laue v. Nelson, 279 F.Supp. 265, 266 (D.C. Cal. 1968) (stating that the "legislative history of the section makes clear that a district court should transfer a petition to the district in which petitioner was convicted and sentenced if the transferring court is of the view that an evidentiary hearing will be necessary") (citing 2 U.S. Code Cong. & Adm. News p. 2968 (1966)).  In cases where a petitioner files a challenge to the legality of his conviction, courts frequently transfer the case to the district encompassing the state court where the conviction and sentence occurred.  See, e.g., Henderson v. Quarterman, No. 3-07-CV-248-B, 2007 WL 1411558 at *1 (N.D. Tex. May 11, 2007) (slip copy) (holding that the possibility of need for an evidentiary hearing justifies transfer to division in which the petitioner was convicted and sentenced); Jester v. Director, TDCJ-CID, No. 1:07-CV-82, 2007 WL 519141 at *1 (E.D. Tex. Feb. 14, 2007) (slip copy) (same); Fisher v. Cockrell, No. W-03-CA-116, 2003 WL 21308926 at *1 (W.D. Tex. April 10, 2003) (unpublished) (same).

In this case, Petitioner is challenging the legality of his conviction on numerous grounds.  (D.E. 1 at 7-9.)  Petitioner was not convicted and sentenced within the Southern District of Texas, however.  Rather, Petitioner was convicted and sentenced on October 6, 2004, in the 87th Judicial District Court in Freestone County,

Texas (D.E. 1 at 2), which is located in the Waco Division of the Western District of Texas.  See 28 U.S.C. § 124(d)(2).  Should an evidentiary hearing ever be necessary in the case, the evidence, records, and witnesses relevant to the Petitioner's state criminal proceedings are more likely to be found in the county where his conviction was entered.  See Story, 920 F.2d at 1250; Mitchell, 432 F.2d at 436.  Therefore, this Court finds that the interests of justice would be furthered by transferring the case to the Western District of Texas.  Accordingly, it is hereby ordered that the Clerk of Court TRANSFER this action to the United States District Court for the Western District of Texas, Waco Division, pursuant to 28 U.S.C. § 2241(d).

    SIGNED and ENTERED this 11th day of June, 2007.

_____
          Janis Graham Jack
     United States District Judge